# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| KELDRIC HALL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 2:14-cv-00168-WTL-WGH |
| | ) |
| J. F. CARAWAY Warden, | ) |
| | ) |
| Respondent. | ) |

**Entry Denying Petition and Directing Entry of Final Judgment**

Petitioner Keldric Hall filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Hall argues that pursuant to 18 U.S.C. § 3585 he is entitled to credit towards his sentence in 2:11-cr-20177-JPM-1 (W.D. Tenn.), for the time spent in state detention. The United States argues that the petition must be denied because Hall's sentence was correctly calculated.

**Background**

Hall is a federal prisoner currently incarcerated at the United States Penitentiary at Jonesville, Virginia. He was a federal prisoner in this district at the time he filed his petition. Hall is currently serving a term of imprisonment of 108 months imposed by the United States District Court for the Western District of Tennessee on March 2, 2012, pursuant to Hall's conviction in that Court for being a felon in possession of a firearm. Hall currently has a projected release date (via Good Conduct Time release) of December 22, 2020, and a full term expiration date of February 18, 2022.

On February 16, 2011, Hall was arrested in Shelby County, Tennessee, on a state charge of being a felon in possession of a firearm and a state charge of reckless endangerment – deadly weapon (case number 11-06040). Additional state charges in Shelby County followed: sale of a controlled substance (cocaine) (cause number 11-1209); possession and control of a controlled substance (cocaine) (cause number 11-01210); possession and control of a controlled substance (cocaine) (cause number 11-01211); unlawful possession of a controlled substance and possession of contraband in a penal institution (case number 11-04684).

On June 28, 2011, Hall was indicted in the Western District of Tennessee in cause number 2:11- CR- 20177-01-ML on a charge of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). On March 2, 2012, Hall was taken (borrowed) into federal custody on a federal writ for purposes of sentencing in cause number 2:11-CR-20177-01-ML. Hall was sentenced by the United States District Court for the Western District of Tennessee to a term of imprisonment of 108 months pursuant to his conviction of being a felon in possession of a firearm. The Judgment in cause number 2:11-CR-20177-01-ML does not mention or refer to any of the then pending Tennessee charges against Hall. Following his federal sentencing, Hall was returned to Tennessee custody.

On June 18, 2012, Hall was sentenced in the Shelby County (Tennessee) Criminal Court to terms of three years imprisonment for case numbers 11-04684, 11-01209, 11-01210, and 11-01211.[1] Those terms of imprisonment were ordered to be served concurrent to one another. Hall was also awarded credit against his concurrent state sentences for the period from March 8, 2011 through June 18, 2012. Hall satisfied his concurrent state sentences on March 11, 2013 and was,

---

[1] Charges in cause number 11-06040 were dismissed on October 25, 2011.

on that date, released by the State of Tennessee and was taken into federal custody for the service of his federal sentence.

## Discussion

Hall argues that he is entitled to credit on his federal sentence for seven months and twenty-four days based on the time he spent in custody awaiting sentencing.

The Attorney General is responsible for computing the terms of imprisonment of federal prisoners for all offenses committed on or after November 1, 1987. *See United States v. Wilson*, 503 U.S. 329 (1992). The Attorney General has delegated that authority to the Bureau of Prisons. See 28 C.F.R. § 0.96.

The computation of federal sentences is governed by 18 U.S.C. § 3585. Section 3585(b) directs that a defendant receive prior custody credit, or jail time credit, for any time spent in official detention prior to the date the sentence commences: (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the Defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence. *See United States v. Wilson,* 503 U.S. at 333 (final clause in Section 3585(b) permits a defendant to receive only credit for custody time that has not been credited against another sentence).

The essential questions in calculating a federal sentence are (1) when does the sentence commence, and (2) to what extent is the prisoner entitled to receive credit for any time already spent in custody?

First, Hall's federal sentence was correctly determined to have commenced on March 11, 2013. A federal sentence does not commence until the Attorney General receives the prisoner into

his custody for service of the federal sentence. March 11, 2013, is the date on which Hall came into exclusive federal custody.

Second, Hall received all the credit he was entitled to for the time he spent in custody. Prior to March 11, 2013, Hall was in the primary custody of Tennessee for prosecution and/or service of his state sentences, and was receiving credit against his state sentences for the periods at issue prior to March 11, 2013. There was one exception, Hall did received credit against his federal sentence for the period from February 16, 2011 through March 7, 2011 because that period of time was not credited against any other sentence.

Finally, the Bureau of Prisons correctly determined that Hall's federal sentence was to run consecutively to his state sentences. Pursuant to 18 U.S.C. § 3584(a), "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." The federal district court that imposed the sentence that Hall is now serving did not order his sentence to be served concurrent with any of Hall's State of Tennessee sentences. Instead, the district court sentencing judge specifically recommended that Hall's federal sentence run consecutive to his state sentence. See dkt. 1-1 at p. 11.

## Conclusion

There is no error in the calculation of Hall's sentence. Hall's sentence was not ordered to be served consecutive with any other sentence. Hall has been given credit for all time in custody not credited against any of his Tennessee sentences. Hall has not demonstrated any mathematical error in the calculation of his sentence nor any inconsistency with the requirements of 18 U.S.C. § 3585 in respect to that calculation. Hall's sentence has been correctly calculated by the Bureau of Prisons and his challenge to that calculation is without merit.

"A necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates the Constitution, laws, or treaties of the United States." *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Hall has not made such a showing in this case. Accordingly, his petition for writ of habeas corpus must be denied and the action dismissed with prejudice.

**IT IS SO ORDERED.**

*William T Lawrence*

Date: 9/24/15

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

KELDRIC HALL
24718-076
LEE - USP
LEE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 305
JONESVILLE, VA 24263

All Electronically Registered Counsel